# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA,      )
                               )
     v.                        )     CR 421-110
                               )
JOHN CALVIN YOUNG, JR.,        )
                               )
     Defendant.                )
```

## ORDER

Before the Court is Defendant John Young Jr.'s motion for reconsideration and motion for time credit. Dkt. No. 46. For the reasons below, the motions are **DISMISSED**.

## BACKGROUND

In March 2025, Defendant filed a motion for sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines. Dkt. No. 40. The Court denied the motion in May 2025, finding that Defendant's guidelines range was not changed due to the Amendment. Dkt. No. 41. In July 2025, Defendant filed a notice of appeal of the Court's Order. Dkt. No. 42. That appeal is still pending. Now before the Court is Defendant's motion for reconsideration of the Order, as well as a motion for time-served credit. Dkt. No. 46.

I.  Motion for Reconsideration

Defendant requests the Court reconsider its Order denying his motion for sentence reduction. Id. However, Defendant's appeal of that Order to the Eleventh Circuit is still pending. Dkt. No. 42. "'[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir.1995) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Accordingly, this Court is divested of jurisdiction, and Defendant's motion for reconsideration is **DISMISSED**.

II.  Motion for Time-Served Credit

Defendant asks the Court to credit the time he served in state custody from October 24, 2020 through January 2021 be credited toward his federal sentence. Dkt. No. 46 at 1.

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

The Court finds that Defendant's motion to the Court is premature. "The Supreme Court has held that the responsibility

for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit of time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the Bureau of Prisons. Defendant's motion is, therefore, **DISMISSED**.

## CONCLUSION

Defendant's motion for reconsideration, dkt. no. 46, is **DISMISSED** for lack of jurisdiction. Further, Defendant's motion for time-served credit, id., is **DISMISSED** for failure to exhaust his administrative remedies with the Bureau of Prisons.

**SO ORDERED**, this 29 day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA